# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHRISTOPHER SEILER,**

        Petitioner,

    -vs-                                            Case No. 12-C-262

**WILLIAM POLLARD, Warden,**
**Waupun Correctional Institution,**

        Respondent.

## DECISION AND ORDER

      The petitioner, Christopher Seiler, is serving a variety of concurrent sentences for convictions arising out of Ozaukee County Circuit Court. In this action under 28 U.S.C. § 2254, Seiler challenges a revocation proceeding relating to two of those convictions.

      The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the review of state court convictions in federal habeas corpus proceedings. A federal court may grant habeas relief only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

      Seiler argues that his appellate counsel's no-merit notice of appeal was untimely, which then deprived the Wisconsin Court of Appeals of subject matter jurisdiction to review the no-merit report. This argument makes little sense because the court of appeals

considered the report along with Seiler's response thereto. Accordingly, even if Seiler's counsel performed inadequately, Seiler was not prejudiced as a result. *Whitman v. Bartow*, 434 F.3d 968, 972 (7th Cir. 2006) ("Prejudice will be found where there is a reasonable probability that, but for the deficient performance of counsel, the outcome of the proceedings would have been different").

Next, Seiler argues that he was "abandoned" because his appellate counsel did not talk to him enough during the appellate process. Once again, this is a specious argument. Seiler does not identify any argument that he would have raised if not for the lack of communication, much less an argument that is potentially meritorious. And of course, the very nature of the no-merit procedure allows Seiler to raise whatever argument he wants to raise in response to the no-merit brief filed by counsel.

Finally, Seiler argues that the trial court did not adequately articulate its reasoning for the sentence it imposed. Such a claim is not cognizable on federal habeas review. *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997) (explaining that federal courts will not normally review a state sentencing determination that falls with the statutory limit). The only basis for federal habeas review of a state court sentence is if the sentencing court lacked jurisdiction or committed a constitutional error making the sentence fundamentally unfair. *Id.*

Therefore, Seiler's petition is **DENIED**. The Clerk of Court is directed to enter judgment accordingly. The Court will not issue a certificate of appealability – there is no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Rule 11(a), Rules Governing Section 2254 Cases.

Dated at Milwaukee, Wisconsin, this 18th day of March, 2013.

BY THE COURT:

_____
HON. RUDOLPH T. RANDA
U.S. District Judge